UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 20-117-DLB

RICHARD ALLEN HEYZA                                                                          PLAINTIFF

v.                            **MEMORANDUM OPINION AND ORDER**

GARY FERGUSON, et al.                                                                       DEFENDANTS

*** *** *** ***

Plaintiff Richard Allen Heyza is an inmate who was previously confined at the Bell County Detention Center in Pineville, Kentucky and is now incarcerated at the Newberry Correctional Facility in Newberry, Michigan. Proceeding without a lawyer, Heyza filed a civil rights Complaint (Doc. # 1) with this Court pursuant to 42 U.S.C. § 1983. According to the Clerk of the Court, Heyza also submitted a $350.00 money order with his pleading.

As an initial matter, Heyza's money order satisfies the filing fee in this case, and therefore, the Court will direct the Clerk of the Court to process and docket that payment. However, there is no indication that Heyza has paid the separate $50.00 administrative fee that is due pursuant to Section 14 of the District Court Miscellaneous Fee Schedule. Heyza has also not formally asked this Court to waive the administrative fee by filing a motion for leave to proceed *in forma pauperis*. Nevertheless, given the procedural posture of this case and Heyza's status as a prisoner incarcerated out of state, the Court will exercise its discretion to waive the administrative fee that would otherwise be due.

1

That said, the Court has conducted its initial screening of Heyza's Complaint pursuant to 28 U.S.C. § 1915A, and the Court will dismiss his pleading.  That is because it is plainly apparent from the face of Heyza's Complaint that his claims are untimely, and in this situation, the United States Court of Appeals for the Sixth Circuit has repeatedly made it clear that sua sponte dismissal is appropriate.  See Franklin v. Fisher, No. 16-6464, 2017 WL 4404624, at *2 (6th Cir. 2017) (citations omitted) ("The district court properly dismissed [the plaintiff's] complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); Castillo v. Grogan, 52 F. App'x 750, 751 (6th Cir. 2002) (citations omitted) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Here, Heyza alleges that he was held at the Bell County Detention Center for 48 days, from April to June of 2018. (Doc. # 1 at 4).  Heyza complains about the conditions of his confinement at the facility and alleges he was denied proper medical treatment by several employees.  Id. at 4–6.  Heyza further alleges that he was released from the detention center on June 14, 2018, and the next day, suffered a heart attack, was hospitalized, and had surgery to receive two stints.  Id. at 5.  As a result, Heyza is seeking money damages.  Id. at 7.

Heyza makes it clear that he is asserting his claims against the various Defendants, Bell County Detention Center employees, pursuant to § 1983.  Although Heyza also says that he "is well aware of the 2 year statute of limitations and believes it

does not expire until June 15, 2020," *see id.* at 6, Kentucky's *one-year* statute of limitations—KY. REV. STAT. § 413.140(1)(a)—applies to civil rights claims asserted under § 1983, *see Hornback v. Lexington-Fayette Urban Cty. Gov't*, 543 F. App'x 499, 501 (6th Cir. 2013); *see also Goodrich v. Cavanaugh*, No. 4:20-cv-P22-JHM, 2020 WL 1442906, at *2 ("In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a)."). In other words, a § 1983 claim in Kentucky must be commenced within *one year* after the cause of action accrues, not two years, and the cause of action accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *See Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393–94 (6th Cir. 2015) (internal quotation marks and citation omitted) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.").

Ultimately, Heyza's submission clearly indicates that the events giving rise to his Complaint occurred between April and June of 2018 and that he became aware of the injury which formed the basis for his claims by no later than mid-June of 2018. (Doc. # 1 at 4–6). Thus, Heyza's claims accrued by no later than that date. *See Estate of Abdullah ex rel. Carswell*, 601 F. App'x at 393–94. Nevertheless, Heyza did not file this lawsuit until June of 2020, nearly two years after the relevant events occurred and long after the applicable one-year statute of limitations expired. Thus, Heyza's § 1983 claims are untimely and will be dismissed.

Accordingly, **IT IS ORDERED** as follows:

(1) The Clerk of the Court shall process and docket Heyza's $350.00 money order, as it satisfies the filing fee in this case;

(2) The requirement to pay the $50.00 administrative fee is **WAIVED**;

(3) Heyza's claims against the Defendants pursuant to 42 U.S.C. § 1983 (Doc. # 1) are **DISMISSED** with prejudice;

(4) Any and all pending motions are **DENIED** as moot;

(5) This action is **STRICKEN** from the Court's docket; and

(6) The Court will enter a corresponding Judgment herewith.

This 7th day of June, 2020.



Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\ORDERS\PSO Orders\Heyza 20-117 MOO Dismissing.docx